MATTER OF M/V HALCYON WAVE

In Fine Proceedings

NYC–10/52.1402

*Decided by Board December 3, 1968*

Where 4 alien crewmen who had not been issued conditional landing permits were on board when the vessel left port but shortly thereafter were found missing, along with a lifeboat which was subsequently located on a nearby beach, fine lies under section 254(a)(2) of the Immigration and Nationality Act for failure to detain on board; however, since the parties responsible for the vessel's operation exerted all reasonable precautions to detain the crewmen on board, fine is mitigated to the extent of a remaining penalty of $200. per crewman.

BASIS FOR FINES: Act of 1952—Section 254(a)(2) [8 U.S.C. 1284].

IN RE: *M/V Halcyon Wave*, which arrived at the port of New York from foreign on April 1, 1968. Alien crewmen involved: Man Mau Yuen Chi, Chang Chun Piu, Chau Yun Fan and Miu Yuen Shing.

ON BEHALF OF APPELLANT:   Thomas M. McCaffrey, Esquire
c/o Theodore F. Turner
21 West Street
New York, New York 10006

The District Director at New York, in a decision dated September 17, 1968, held that Simpson, Spence & Young, Inc., as agents for the vessel, had incurred liability to administrative penalties totaling $4,000, $1,000 as to each of the alien members of the crew named above, for failure to detain them aboard the vessel at all times despite the fact that they had not been granted conditional landing privileges. However, said official found present herein factors which, in his opinion, merited mitigation of the fines to the extent of $1,600, $400 per crewman. Thus, he permitted to stand a total penalty of $2,400, $600 per crewman.

It appears from the record before us that the following material facts exist without substantital controversy. Immigration inspection, which was accorded the crew of this vessel immediately upon its arrival in the United States, resulted in the denial

of conditional landing privileges to 34 Chinese alien members of the crew, including the four named above. Having anticipated that some of the vessel's crew members would be refused conditional landing privileges upon arrival, the parties responsible for its operation had arranged to and did have five professional guards and one supervisor on duty at all times while the vessel was in port to prevent any and all detainees from leaving the ship and making their way ashore in the United States. The professional guards checked all the detainees just before the ship left the dock when it was sailing foreign, and all were on board. The four alien crew members named above, and a lifeboat, were found to be missing from the ship shortly after it had sailed foreign. This was reported promptly to the Service, and the detainees' crewman's papers were subsequently made available to the Immigration and Naturalization Service. A copy of a report of the New York City Police Department shows that one of the vessel's lifeboats was found just off South Beach, Staten Island, New York Bay, apparently the day after the vessel's foreign sailing.

The element essential to the establishment of liability to a fine under this section of the law is the "landing" of the crewman or crewmen involved. We are satisfied that the evidence of record, as hereinbefore recited, demonstrates the existence of this crucial factor here. The carrier has not introduced any evidence to the contrary and, in fact, has not challenged its liability to the fines. Accordingly, we will affirm the District Director's decision to impose a penalty.

However, contrary to the District Director's opinion, we feel that the maximum mitigation permissible under the statute, to wit: down to $200 per crewman, is warranted in these premises. It is our judgment that the parties responsible for this vessel's operation exerted all possible and reasonable precautions to the end that their absolute statutory duty of detention existing as to these crewmen might be met.

Professional guards were hired in sufficient number to prevent the landing of the detainees while the vessel was tied up in port. The record shows that the detainees were all on board at the time the vessel left its berth. Because of the problems inherent in clearing the port and getting under way to sea, we do not think it can seriously be argued that the parties responsible for the vessel's operation were lax in failing to prevent the escape of these four detainees in the manner outlined. Absent any evidence to the contrary, and we find none herein, we so hold.

93

**ORDER:** It is ordered that the District Director's decision of September 17, 1968, be modified to provide for mitigation of the fines to the extent of $3,200, $800 per crewman, and that as so amended the decision of said official be and the same is hereby affirmed. The penalty permitted to stand is $800, $200 per crewman.